UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00553-GNS

BRYAN PACKARD; and
DEBORAH PACKARD                                                                         PLAINTIFFS

v.

MARINER FINANCE, LLC; and
PERSONAL FINANCE CO., LLC                                                               DEFENDANTS

## ORDER

On November 29, 2019, Defendants Mariner Finance, LLC and Personal Finance Co., LLC (collectively, the "Defendants") moved to dismiss Bryan Packard's and Deborah Packard's (collectively, the "Plaintiffs") First Amended Complaint. (Defs.' Mot. Dismiss, DN 23). On February 5, 2020, Plaintiffs requested leave to file a 57-page response to Defendants' 21-page motion. (Pls.' Resp. Defs.' Mot. Dismiss, DN 33; Pls.' Mot. Leave Exceed Page Limit, DN 34). Plaintiffs state that their claims against Defendants raise "numerous issues of law" that necessitate a lengthy response. (Pls.' Mot. Leave Exceed Page Limit 1). Defendants object and characterize their motion as presenting five arguments as to why Plaintiffs' claims should be dismissed though, in fact, Defendants' motion is comprised of seven separate grounds for dismissal. (Defs.' Mot. Dismiss 2; Defs.' Resp. Pls.' Mot. Leave Exceed Page Limit 2, DN 35). Defendants further highlight several parts of Plaintiffs' response as irrelevant or verbose. (Defs.' Resp. Pls.' Mot. Leave Exceed Page Limit 2).

Local Rule 7.1(d) provides that "[m]otions and responses may not exceed 25 pages without leave of Court. Replies may not exceed 15 pages without leave of Court." A review of Plaintiffs' response, spanning 57 pages plus an additional 123 pages of exhibits, reflects an apparent attempt

1

to transform a response to a motion to dismiss into a response to a motion for summary judgment. A motion to dismiss is based on the plausibility of claims as pleaded in the *complaint*, not additional factual allegations made in a response or attached exhibits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are urged to keep this in mind. Moreover, a motion for leave to exceed the page limit should include the proposed response or reply as an attached exhibit, *not* as a separately filed document. *See* Amended Electronic Case Filing Administrative Policies & Procedures § 4(h) (adopted by Joint General Order 2018-03).

As such, within this Court's discretion, Plaintiffs are not entitled to exceed the page limit established by LR 7.1.[1] **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exceed Page Limit (DN 34) is **DENIED**, and Plaintiff may file a response to Defendants' Motion to Dismiss compliant with local rules **within ten days of the entry of this Order**.

Greg N. Stivers, Chief Judge
United States District Court

March 4, 2020

cc: counsel of record

---

[1] The certificate of service is included within the page limitation under the Local Rules.